**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BRANDON HUDSON, individually and on behalf of all others similarly situated, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SPRINT SOLUTIONS, INC., )<br>DIVERSIFIED CONSULTANTS, INC., )<br>and as yet unknown JANE DOES and )<br>JOHN DOES )<br>)<br>Defendants. ) | CASE NUMBER 18-cv-02712<br><br>Judge Charles R. Norgle, Sr.<br><br>JURY DEMANDED |

**PLAINTIFF'S CITATION TO ADDITIONAL AUTHORITY IN OPPOSITION TO DEFENDANTS SPRINT SOLUTIONS, INC. AND DIVERSIFIED CONSULTANTS, INC.'S MOTIONS TO COMPEL ARBITRATION**

BRANDON HUDSON ("Plaintiff"), by his undersigned counsel, submits the following legal authority, *Thompson v. AT&T Services*, 2018 U.S. LEXIS 162849 (N.D. Ill. Sept. 20, 2018), in opposition to the Motions to Compel Arbitration filed by Defendants:

### I. Introduction

1. This civil arises out of disputed cellular telephone account between Plaintiff and Defendant Sprint Solutions, Inc. (Sprint) and Diversified Consultants, Inc. (Diversified). Sprint moved to compel arbitration (Dkt. 20) but did not submit an affidavit in support of its Motion. Diversified's Motion piggy-backed onto Sprint's Motion. Dkt. 24. Sprint produced the applicable policy after it was ordered to do so. Dkt. 41.

2. The arbitration agreement at issue (circa 2013 pursuant Sprint's sworn testimony) contains a clause which provides that a court of law will interpret the scope and enforceability of the arbitration – it does not delegate this duty to an arbitrator. The

1

subject language states: "that only a court (and not the arbitrator) shall decide any disagreements regarding the scope and enforceability of this agreement to arbitrate.'" Dkt. 46-1, page 14 of 55.

3. Respectfully, it is up to this Court to decide whether Sprint can invoke arbitration in light of the facts alleged in the Complaint (which Plaintiff will not rehash for the purposes of this filing). Similarly, it is up to this Court to decide whether Diversified can invoke under the terms of the arbitration agreement belatedly submitted by Sprint.

4. The attached case, *Thompson v. AT&T Services*, 2018 U.S. LEXIS 162849 (N.D. Ill. Sept. 20, 2018) found that a debt collector was not entitled to seek arbitration of lawsuit related to its debt collection efforts because the record (belatedly established by the debt collector in its reply brief in support of its motion to compel arbitration) did not show that the debt collector was an agent of Sprint.

5. Here, Diversified did not even submit an affidavit in support of its Motion to Compel Arbitration. Rather, it simply argued that it stepped into the shoes of Sprint when it attempted to collect the alleged debt. *Thompson v. AT&T Services*, supports the denial of Diversified's Motion as the court in *Thompson v. AT&T Services* engaged in an in-depth analysis and held that there was insufficient evidence to find that the debt collector was an agent of AT&T. *Id.* at *20-*26.

6. Here, Diversified submitted no evidence, and accordingly, Diversified's Motion should be denied, and the discovery stay should be lifted.

WHEREFORE, Plaintiff, BRANDON HUDSON, respectfully requests that this Honorable Court rule on and deny the pending motions to compel arbitration.

Plaintiff BRANDON HUDSON, individually, and on behalf of all others similarly situated,

By: */s/ James C. Vlahakis*
James Constantine Vlahakis
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181
(630) 575-8188 facsimile
jvlahakis@sulaimanlaw.com

**CERTIFICATE OF SERVICE**

I, James C. Vlahakis, an attorney, certify that I caused the above document to be served upon all persons and entities registered and authorized to receive such service through the court Case Management / Electronic Case Files (CM/ECF) system on September 26, 2018.

s/ *James C. Vlahakis*