IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRANDON HUDSON, individually and on behalf of all others similarly situated, ) ) ) | Judge Charles R. Norgle, Sr. |
| Plaintiff, ) ) | Case No. 1:18-cv-02712 |
| v. ) ) | Magistrate Judge Mary Rowland |
| SPRINT SOLUTIONS, INC., DIVERSIFIED CONSULTANTS, INC., and as yet unknown JANE DOES and JOHN DOES ) ) ) ) ) | |
| Defendants. ) | |

**DIVERSIFIED CONSULTANTS, INC.'S RESPONSE TO
PLAINTIFF'S CITATION TO ADDITIONAL AUTHORITY**

NOW COMES defendant Diversified Consultants, Inc. ("DCI"), by and through undersigned counsel, and in response to the Citation to Additional Authority filed by plaintiff [Dkt. 50], states as follows:

1. Both DCI and Sprint have moved to dismiss plaintiff's lawsuit and compel arbitration or, in the alternative, to dismiss the complaint for failure to state a claim. *Dkts. 20, 24.*

2. As this Court has acknowledged, the motions to compel are fully briefed and the Court will rule by mail. *Dkt. 48.*

3. Now, after briefing on these motions has been completed, plaintiff has chosen to file what he refers to as a Citation to Additional Authority. *Dkt. 50.* In reality, however, plaintiff's filing is more than a mere citation to authority, it is a supplemental

brief in opposition to the motions to compel, replete with argument. Plaintiff failed to seek leave to file this supplemental brief and this Honorable Court should disregard it.

4. However, if this Court considers plaintiff's brief, then DCI believes it is compelled to respond.

5. As an initial matter, plaintiff has repeated his curious, and specious, argument that the applicable arbitration agreement was not produced until after a court order and that it was not authenticated by affidavit. This argument is belied by plaintiff's own pleadings wherein he filed the applicable arbitration agreement with his complaint that initiated this federal lawsuit. *See Dkt. 1*. Of course, plaintiff was well aware of the arbitration agreement that applied to his claims because, as he described in his own complaint, he already participated in arbitration proceedings pursuant to that agreement before he ever filed this federal lawsuit. *Id.*

6. It was unnecessary to file the applicable agreement with the motion to compel for several reasons. First, the agreement is contained within the four corners of the Complaint. Second, plaintiff himself relies upon and assumes the validity and authenticity of the agreement throughout his complaint. Third, the agreement was authenticated in the prior arbitration proceeding in which plaintiff participated. Fourth, that agreement was found by arbitrator to govern the claims during that prior arbitration proceeding. Regardless, the agreement has been authenticated multiple times and DCI relies upon the agreement in support of its motion. *See. Dkts. 24, 42*.

7. With respect to the opinion cited by plaintiff, his reliance upon *Thompson v. AT&T Services*, No. 17 C 3607, 2018 WL 4567714 (N.D. Ill. Sept. 24, 2018) is

misplaced. Notably, the Court in *Thompson* focused on whether the debt collector in that case was an agent of AT&T and the Court merely found that more discovery was necessary on that issue. As a result, the motion to compel was denied without prejudice to refiling it. Plaintiff's representation that the *Thompson* Court "found that a debt collector was not entitled to seek arbitration of a lawsuit related to its debt collection efforts" is a gross misrepresentation of the Court's finding.

8. Contrary to *Thompson*, plaintiff in this case has not before disputed that DCI was Sprint's agent. In fact, plaintiff made a specific point to allege a contractual relationship between Sprint and DCI in his own complaint where he alleges that Sprint contracted with DCI to collect the subject debt. *Dkt. 1, ¶¶ 79-82 (*plaintiff alleges numerous violations based upon "Sprint's conduct in contracting with Diversified….").

9. In fact, plaintiff's entire cause of action against DCI is premised upon his assertion (concession) that DCI was acting as an agent of Sprint. Even in response to the motion to compel arbitration, plaintiff chose to concede the contractual relationship. Plaintiff said: "Sprint hired Diversified to collect monies which Sprint (incorrectly) believes that Plaintiff owes Sprint" and that Diversified "attempted to collect the disputed debt on behalf of Sprint." *Dkt. 34-1, p. 1*.

10. Plaintiff has already conceded that DCI is an agent of Sprint; he cannot now run away from this fact and seek discovery on this issue after the motion to compel is fully briefed.

11. The Court in *Thompson* also analyzed a wholly different arbitration agreement than the one at issue here. In *Thompson* the Court analyzed an AT&T

3

agreement whereas the court in *Bowles v. Receivables Performance Mgmt.*, LLC, No. 15 C 4991, 2016 WL 775786 (N.D. Ill. Feb. 24, 2016) analyzed the Sprint arbitration agreement nearly identical to the one at issue here. In *Bowles,* the Court concluded that the arbitration agreement was broad enough to cover the debt collection agency and granted the collection agency's motion to compel arbitration. *Id.*

12. This Honorable Court should follow the reasoning of *Bowles* and grant its motion to compel arbitration.

WHEREFORE, DCI respectfully requests that plaintiff's claims be compelled to arbitration and the lawsuit be dismissed or, in the alternative, that the Complaint be dismissed with prejudice for failure to state a claim upon which relief may be granted, and for all further and additional relief that this Court deems equitable and just.

    Respectfully submitted,

    *s/ Daniel W. Pisani*
    Daniel W. Pisani
    Sessions Fishman Nathan & Israel, LLC
    120 S. LaSalle Street, Suite 1960
    Chicago, Illinois 60603
    Telephone: (312) 578-0994
    dpisani@sessions.legal

    James K. Schultz
    Sessions Fishman Nathan & Israel, LLC
    1545 Hotel Circle South, Suite 150
    San Diego, California 92108-3426
    Telephone: (619) 296-2018
    jschultz@sessions.legal

    *Attorneys Diversified Consultants, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on September 28, 2018, the foregoing was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/ Daniel W. Pisani*